IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **RICARDO FIGUEROA-ORNELAS,** § | | |
| Fed. Reg. No. 62324-080, § | | |
| Movant, § | | |
| § | | EP-12-CV-169-PRM |
| v. § | | EP-11-CR-972-PRM |
| § | | |
| **UNITED STATES OF AMERICA,** § | | |
| Respondent. § | | |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

On this day, the Court considered pro se Movant Ricardo Figueroa-Ornelas's ("Figueroa-Ornelas") "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 26)[1] [hereinafter "Motion"], filed on May 7, 2012, and the United States of America's ("the Government") "Response to Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (ECF No. 35) [hereinafter "Response"], filed on July 26, 2012 in the above-captioned cause. In his Motion, Figueroa-Ornelas challenges his twenty-four-month sentence imposed by the Court for committing the crime of illegal reentry, claiming that his retained counsel provided constitutionally ineffective assistance. After reviewing the record and for the reasons discussed below, the Court concludes that Figueroa-Ornelas has failed to establish his entitlement to § 2255 relief. It will accordingly deny his Motion and dismiss his civil cause with prejudice. Additionally, the Court will deny Figueroa-Ornelas a certificate of appealability.

---

[1] "ECF," in this context, refers to the criminal docket in cause number EP-11-CR-972-PRM.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On April 4, 2011, a criminal complaint was filed against Figueroa-Ornelas alleging that he "was found in the United States after having been previously excluded, deported, or removed from the United States [and] without receiving permission to reapply for admission to the United States." Criminal Compl. 1, ECF No. 1. An indictment was then filed on April 27, 2011. ECF No. 8. Also on April 27, 2011, the Government notified Figueroa-Ornelas that it would seek increased penalties provided by 8 U.S.C. § 1326(b)(2). Notice of Intent to Seek Increased Statutory Penalty, ECF No. 9. On June 1, 2011, Figueroa-Ornelas pleaded guilty to Count 1 of the indictment[2] before the Magistrate Judge. Consent to Admin. of Guilty Plea & Fed. R. Crim. P. 11 Allocution by U. S. Magistrate Judge, ECF No. 19. On July 1, 2011, the Court accepted the report and recommendation of the United States Magistrate Judge and accepted Figueroa-Ornelas's guilty plea. Order Approving & Adopting Report & Recommendation & Accepting Guilty Plea, ECF No. 21.

During Figueroa-Ornelas's sentencing hearing on August 2, 2011, the Court sentenced Figueroa-Ornelas to twenty-four-months' imprisonment, three years' supervised release, and imposed a $100 special assessment. J. in a Criminal Case, August 3, 2011, ECF No. 24. Figueroa-Ornelas did not appeal his conviction or sentence within the statutory period for appeal. On May 7, 2012, Figueroa-Ornelas filed the instant Motion.

II.     **LEGAL STANDARD**

A.      **28 U.S.C. § 2255**

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted." *United*

---

[2] Count 1 charged a violation of 8 U.S.C. § 1326, or illegal reentry.

2

*States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). To receive relief pursuant to § 2255, the movant must demonstrate (1) that the sentence imposed violated the Constitution or laws of the United States, (2) that the sentencing court was without jurisdiction to impose the sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

### B.    Ineffective Assistance of Counsel

The United States Constitution's Sixth Amendment guarantees accused persons the right to the assistance of counsel for their defense in all criminal prosecutions. U.S. CONST. amend. VI. Moreover, "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). "[I]neffective assistance claims are ordinarily brought for the first time on collateral review because of the difficulty of compiling an adequate record by the time of direct appeal." *Gaudet*, 81 F.3d at 589 n.5. To merit relief on an ineffective assistance of counsel claim, a movant must demonstrate both (1) that his "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense." *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Id.* at 687 (explaining that, unless a defendant demonstrates both elements, the sentence cannot have resulted from a breakdown in the adversarial process); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim." (citing *Strickland*, 466 U.S. at 687)).

The test's performance prong centers on whether counsel's assistance was reasonable, considering all the circumstances at the time of counsel's conduct. *Strickland*, 466 U.S. at 688. In order to obtain relief, a movant must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

However, counsel has a wide range of reasonable professional discretion. "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). A deficiency in counsel's performance, even if professionally unreasonable, does not equal ineffective assistance of counsel; the movant must also demonstrate actual prejudice. *Id.* at 691-92. The test's prejudice prong requires the movant to demonstrate with "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

### C. Pro Se

A court reviews pro se pleadings under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (explaining the lower standard for pro se pleadings). Additionally, when the complaint is filed pro se, a court must observe its duty to construe the allegations liberally and more permissively. *S.E.C. v AMX, Intern'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993). Thus, "[u]nless the frivolousness of a claim is facially apparent, it is incumbent upon the court to develop the case and to sift the

claims and known facts thoroughly until completely satisfied either of its merit or lack of same." *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) (internal quotations omitted).

At the same time, however, parties proceeding pro se are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989))

## III.  ANALYSIS

In his Motion, Figueroa-Ornelas argues that he received ineffective assistance of counsel when his attorney failed to request a downward departure in return for Figueroa-Ornelas's acceptance of a final deportation order. Figueroa-Ornelas also contends his attorney rendered ineffective assistance by failing to ask the Court to order his removal as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d).

### A.  Ineffective Assistance of Counsel

Figueroa-Ornelas alleges that his "[c]ounsel should have requested this Honorable Court for a [t]ime [r]eduction" based on an April 1995 memorandum issued by the United States Attorney General. Mot. 5. Pursuant to the memorandum, federal prosecutors "*may* agree to recommend a one or two level downward departure from the applicable guideline sentencing range in return for the alien's concession of deportability and agreement to accept a final order of deportation." OFFICE OF ATT'Y GEN., MEM. TO ALL FED. PROSECUTORS RE: DEPORTATION OF CRIMINAL ALIENS (April 28, 1995) (emphasis added).

Not addressing the applicability of the 1995 internal memorandum from the Attorney General to prosecutors in the field, it is abundantly clear that the memorandum upon which Figueroa-Ornelas relies grants *federal prosecutors* the discretion to recommend a downward

5

departure; it does not create a right for such a recommendation.  Whether or not Figueroa-Ornelas's counsel, in 2011, should have approached the Government with a plea agreement stipulating that the Government would recommend a downward departure is a matter of trial strategy and cannot form the basis for an ineffective assistance of counsel claim.

Nevertheless, even if Figueroa-Ornelas could establish that his counsel's performance was deficient because of this failure, Figueroa-Ornelas has failed to show that such a failure resulted in prejudice.

Under the sentencing guidelines, Figueroa-Ornelas's sentencing level was twenty-one, with a criminal history category of I.  Tr. 5, Aug. 2, 2011, ECF No. 32.  The corresponding range of imprisonment for this sentencing level and category is thirty-seven to forty-six months.  *Id.*  If Figueroa-Ornelas's counsel had requested and been granted a two-level downward departure, Figueroa-Ornelas would have been found to have a sentencing level of nineteen.  *See* U.S. SENTENCING GUIDELINES MANUAL, Sentencing Table (2011).  The corresponding range for a sentencing level of nineteen with a criminal history category of I is thirty to thirty-seven months' imprisonment.  *Id.*  After Figueroa-Ornelas's counsel requested that the Court sentence outside of the sentencing guidelines, the Court adopted this request and imposed a lower sentence of twenty-four months' imprisonment.  Tr. 5-6.  Therefore, Figueroa-Ornelas cannot establish that his counsel's failure, if any, prejudiced him because he received a more favorable sentence than what he would have received had he been granted a two-level downward departure.  For these reasons, the Court denies his claim.

### B.   Supervised Release

Figueroa-Ornelas's alleged second ground for habeas corpus relief is incoherent. Liberally construing Figueroa-Ornelas's claim, the Court understands him to allege that his

counsel was ineffective in not requesting removal as a condition to his supervised release pursuant to 18 U.S.C. § 3583(d). However, this claim is not cognizable pursuant to § 2255. § 3583(d) provides, "If an alien defendant is subject to deportation, the court *may* provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation." § 3583(d) (2006) (emphasis added). However, according to the Fifth Circuit, supervised release under § 3583(d):

> simply permits the sentencing court to order, as a condition of supervised release, that "an alien defendant [who] is subject to deportation" be surrendered to immigration officials for deportation proceedings under the Immigration and [Nationality] Act. In other words, following [the defendant's] surrender to Immigration authorities, he is entitled to whatever process and procedures are prescribed by and under the Immigration and [Nationality] Act for one in [the defendant's] circumstances, for the purpose of determining whether he is "an alien defendant . . . subject to deportation."

*United States v. Quaye*, 57 F.3d 447, 449 (5th Cir. 1995) (citing and adopting the holding in *United States v. Sanchez*, 923 F.2d 236, 237 (1st Cir. 1991)). Thus, a district court does not have the independent authority under § 3583(d) to order the removal of an alien defendant as a condition of supervised release. *Id.* Rather, a court is limited, pursuant to § 3583, to ordering the surrender of the alien defendant to immigration officials for a determination of whether he or she will be removed pursuant to immigration procedures. *Id.* Because the Court lacked the authority to issue an order of deportation as a condition of Figueroa-Ornelas's supervised release, a request by his counsel for an order of removal would have been unavailing. "An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). Therefore, Figueroa-Ornelas's second ground for relief is denied.

IV. **CERTIFICATE OF APPEALABILITY**

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B) (2006). Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted. *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted). A certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted. *See* 28 U.S.C. § 2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters).

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, Figueroa-Ornelas's Motion fails because he has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court finds that it should deny Figueroa-Ornelas a certificate of appealability.

## V. EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself). The record in this case is adequate to dispose fully and fairly of Figueroa-Ornelas's claims. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## VI. CONCLUSION

For the reasons stated, the Court concludes that it should deny Figueroa-Ornelas's Motion and dismiss his civil cause. The Court further concludes that Figueroa-Ornelas is not entitled to a certificate of appealability.

Accordingly, **IT IS ORDERED** that Movant Ricardo Figueroa-Ornelas's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 26) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Movant Ricardo Figueroa-Ornelas is **DENIED** a Certificate of Appealability.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this matter.

SIGNED this 26 day of **September, 2012.**

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE